IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| 0728862 B.C. LTD. § <br> § <br> *Plaintiff*, § <br> vs. §     Case No. _____ <br> § <br> § <br> ZACHARY DOZIER D/B/A § <br> DOZIERS EXCAVATING AND HAULING §     **JURY TRIAL DEMANDED** <br> § <br> § <br> *Defendant*. § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff 0728862 B.C. LTD. ("Plaintiff") brings this action against defendant Zachary Dozier d/b/a Doziers Excavating and Hauling ("Defendant") and alleges:

**THE PARTIES**

**1.** 0728862 B.C. LTD. is a corporation organized and existing under the laws of Canada. Plaintiff owns the entire right, title, and interest in the patent at issue in this case.

**2.** On information and belief, Zachary Dozier d/b/a Doziers Excavating and Hauling is an individual doing business as Doziers Excavating and Hauling, having an address of 4709 Dove Hollow, Texarkana, Texas 75501 and is doing business in Texas and this judicial district.

**JURISDICTION AND VENUE**

**3.** This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

**4.** Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein. On information and belief, Defendant resides at and/or does business from 4709 Dove Hollow, Texarkana, Texas in this District.

6. This Court has personal jurisdiction over Defendant.

7. Defendant is subject to personal jurisdiction in Texas and this judicial district, and is doing business in this judicial district.

8. Venue as to Defendant is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant resides in this District.

## BACKGROUND

9. Plaintiff developed technology related to buckets attached to excavation equipment for use in cutting ditches along the side of roadways. The patent-in-suit covers an improved bucket that cuts a ditch in one-pass, thereby substantially improving the speed at which a rounded bottom ditch can be produced. Plaintiff has licensed the use of the patented technology to Texas Drainage Inc., a Texas based company that is owned by one of the inventors of the patent-in-suit. Texas Drainage uses the patented technology to efficiently and effectively cut ditches in the state of Texas.

10. On information and belief, Defendant made a one-pass bucket for use with Defendant's ditch digging equipment for cutting ditches in one-pass (the "accused bucket"), and is using the accused bucket in jobs across, at least, the state of Texas. One such job in which Defendant recently used the bucket accused of infringement in this case was to cut ditches near

Santa Fe, Texas.   Plaintiff will rely on a reasonable opportunity for discovery of information regarding other infringing uses by Defendant.

### COUNT I – INFRINGEMENT OF THE '553 PATENT

11.   On March 20, 2007, U.S. Patent No. 7,191,553 ("the '553 patent"), entitled "Ditch Digging Bucket" (a copy of which is attached as Exhibit A) was duly and legally issued to the inventors, Rene Doucette, Guy Doucette, Paul Doucette, and Greg Doucette.  The '553 patent has been assigned to Plaintiff.  Plaintiff owns all right, title, and interest in the '553 patent, including the right to sue for and recover all past, present and future damages for infringement of the '553 patent.

12.   The '553 patent is presumed valid.

13.   Defendant's accused bucket meets each limitation of claim 1 of the '553 patent literally or under the doctrine of equivalents.  Defendant is directly infringing claim 1 of the '553 patent under 35 U.S.C Section 271 (a) by making and/or using the accused bucket.

14.   On information and belief, Defendant, either alone or in conjunction with others, infringes claim 1of the '553 patent by making and/or using in this judicial district and/or elsewhere in the United States, the accused bucket that alone or in use is covered by claim 1 of the '553 patent.

15.   Defendant is liable for infringement of the '553 patent pursuant to 35 U.S.C. § 271.

16.   Defendant has knowledge of the '553 patent, and despite such knowledge has continued to use the accused bucket. On information and belief, Defendant has willfully infringed the '553 patent.

17. Defendant's acts of infringement have caused damage to Plaintiff and its licensee, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

18. Plaintiff is likely to succeed in its infringement claim on the merits. Also, as a result of Defendant's infringement, Plaintiff has been and continues to be irreparably damaged in the absence of a preliminary relief; the balance of equities tips in Plaintiff's favor; and an injunction is in the public interest. As such Plaintiff requests that Defendant be enjoined by this Court, temporarily and permanently, from committing any acts declared by the Court to constitute infringement under 35 U.S.C § 271.

19. Pursuant to 35 U.S.C. Section 284, Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement of the '553 patent.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment that:

A. Defendant has directly infringed the '553 patent;

B. Plaintiff be granted a preliminary and permanent injunction against Defendant, and that Defendant be enjoined, through a preliminary and permanent injunction, from further infringement of the '553 patent;

C. Orders Defendant's partners, agents, employees, representatives, successors, assigns, parent companies, subsidiaries and all other related entities, if any, as well as those in privity with Defendant and those who have acted in concert with Defendant from further infringement of the '553 patent;

**D.** Defendant account for and pay to Plaintiff all damages caused by Defendant's infringement of the '553 patent, and that the Court increase the damages paid by Defendant up to three times pursuant to 35 U.S.C § 284;

**E.** Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's patent infringement;

**F.** Plaintiff be granted its reasonable attorneys' fees under 35 U.S.C § 285;

**G.** Costs be awarded to Plaintiff; and,

**H.** Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated:  September 25, 2019         By:     */s/ John T. Polasek*
                                           John T. Polasek
                                           Texas Bar. No. 16088590
                                           ted@epiplawyers.com
                                           Douglas H. Elliott
                                           Texas Bar No. 06535900
                                           doug@epiplawyers.com
                                           Elliott & Polasek, PLLC
                                           6750 West Loop South, Suite 995
                                           Bellaire, Texas 77401
                                           Telephone: (832) 485-3560
                                           Facsimile: (832) 778-6010

                                           Elizabeth L. DeRieux
                                           State Bar No. 05770585
                                           ederieux@capshawlaw.com
                                           CAPSHAW DERIEUX, LLP
                                           114 East Commerce Avenue
                                           Gladewater, Texas 75647
                                           Telephone: (903) 845-5770